1  Russel1 Robinson (163937)
   Law Office of Russell A. Robinson
2  345 Grove Street, Level One
   San Francisco CA 94102
3  Telephone:    (415) 255-0462
   Facsimile:    (415) 431-4526
4
   Attorneys for Plaintiff
5  OLEWASAMI BROWN

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

   OLEWASAMI BROWN ,                    ) No.    C-03-1141-TEH
11                                       )
                Plaintiff,               ) **FIRST AMENDED COMPLAINT FOR**
12                                       ) **DAMAGES AND FOR INJUNCTIVE**
   v.                                    ) **RELIEF**
13                                       ) **[Jury Trial Demanded]**
   CITY OF OAKLAND; RICHARD WORD,        )
14 individually and in his official capacity as Chief )
   of Police in Oakland; OFFICERS JOHN L. )
15 GUTIERREZ, R. WINDGATE, T.           )
   BERGERON, J. FARRELL, M. RODRIGUEZ,  )
16 R. LEE, F. ABEROUETTE, E. RICHOLT, D. )
   UNDERWOOD, and H. KIDD, individually and )
17 in their official capacities; CHP OFFICERS )
   ROMANO and J. NARDIL,  individually and in )
18 their official capacities; SGT. B. BROCK, )
   individually and in his official capacity; and, )
19 DOES 1-100,                          )
                                         )
20              Defendants.              )
   ─────────────────────────────────────)

21
                      **JURISDICTION AND VENUE**
22
        1.    This action arises under 42 USC §§ 1983, 1985, and 1986.  Jurisdiction is based
23
   on 28 USC §§1331 and 1343.
24

25

26

1    2.    The claims alleged below arose in and around the City of Oakland, State of

2   California.  Therefore, venue and assignment are proper in the United States District Court for the

3   Northern District of California, San Francisco Division, under 28 USC §1391(b)(2).

4                                           **PARTIES**

5    3.    Plaintiff OLEWASAMI BROWN is an Africa-American male and is a citizen of

6   the United States of America.

7    4.    Plaintiff is informed and believes that Defendant CITY OF OAKLAND is, at all

8   relevant times has been, a municipal corporation organized and existing under the laws of the

9   State of California.  One of Defendant Oakland's divisions is the Oakland Police Department.

10    5.    Defendant RICHARD WORD is, at all relevant times has been, the Chief of Police

11   for the City of Oakland.  Defendant Word is sued in his individual and official capacities.  At all

12   relevant times, Plaintiff is informed and believes that Defendant Word has been the official policy-

13   maker for Oakland on matters related to customs, practices, and policies of the Oakland Police

14   Department (OPD), including but not limited to hiring, training, supervision, and discipline of

15   officers under his command, and with respect to the management and supervision of the OPD.

16    6.    Plaintiff is informed and believes that at all relevant times Defendants JOHN L.

17   GUTIERREZ, R. WINDGATE, T. BERGERON, M. RODRIGUEZ, R. LEE, J. PERTOSO, F.

18   ABEROUETTE, E. RICHOLT, D. UNDERWOOD, H. KIDD, and J. FARRELL have been

19   officers with the OPD.  Each is sued in individual and official capacities.

20    7.    Plaintiff is informed and believes that at all relevant times Defendants ROMANO

21   and J. NARDIL have been officers with the California Highway Patrol (CHP).  Each is sued in

22   individual and official capacities.

23    8.    Plaintiff is informed and believes that at all relevant times Defendant SGT. B.

24   BROCK has been a police supervisor with OPD, and sued in individual and official capacities.

25

26   _____

FIRST AMENDED COMPLAINT FOR DAMAGES
AND FOR INJUNCTIVE RELIEF
*Brown. v. City of Oakland, et al. (No. C-03-1141-TEH)*          - 2 -                              03-0002P025.FAC

9.   Plaintiff is ignorant of the identities of Defendants DOES 1 though 100, and therefore sues such defendants as fictitiously named persons/entities, whose true identities and roles in the events which are the subject matter of this complaint, are presently unknown to Plaintiff.  Plaintiff will amend this complaint to identify fictitiously named Defendants and to set forth facts relating to each when same become known to Plaintiff.  Plaintiff is informed and believes and thereon alleges that each DOE Defendant is legally responsible for events alleged herein which caused injury and damage to Plaintiff.

10.   In doing the acts or omissions alleged, the defendants and each of them were acting in the course and scope of their employment with the City of Oakland or the CHP, where applicable.

11.   In doing the acts or omissions alleged, the defendants acted under color of authority and/or under color of law.

12.   In doing the acts or omissions alleged, each of the defendants acted as the agent, servant, employee, and/or in concert with each of the other Defendants herein.

**FACTS**

13.   Plaintiff is informed and believes that until recently, there was a group of police officers within the City of Oakland's Police Department known as "The Riders."  Plaintiff is informed and believes that Defendants named in paragraphs 6 and 9, above, were either members of The Riders or sought to emulate the exploits of The Riders' alternatively, each of said Defendants committed acts that led to the constitutional deprivations of Plaintiff and others because there existed in the OPD an atmosphere or environment which tolerated police misconduct.  Plaintiff is informed and believes that this atmosphere or environment which tolerated police misconduct was officially ratified, condoned, or created by customs, practices, and policies that existed at the OPD (which are themselves evidenced by the fact that The Riders

1    existed).

2           14.     Plaintiff is informed and believes that Defendants named in paragraphs 6 and 9,

3    above, individually or acting in concert, together with the defendants named in paragraph 7,

4    engaged in repeated acts of harassment, police misconduct, and constitutionally-destructive

5    conduct against persons residing in or traveling to or visiting the City of Oakland.  These repeated

6    acts, part of a pattern and practice, did in fact lead to the constitutional deprivations complained

7    of herein.

8           15.     Plaintiff is further informed and believes that said civil rights violations and or

9    other acts of misconduct included assaults, beatings, false arrests, false warrants, unreasonable

10   searches and seizures, intimidation, kidnapings, falsifying reports, planting of evidence, denial of

11   due process and equal protection of laws, racial discrimination, conspiracy to violate civil rights,

12   and/or other misconduct.

13          16.     Plaintiff is further informed and believes that said misconduct included but was not

14   limited to subjecting African-American males in particular to disparate treatment because of

15   race/gender.  As a result, Plaintiff and others like him were subjected to unequal treatment, civil

16   rights violations, and other misconduct by The Riders, the Defendants named in paragraphs 6, 7,

17   and 9, and others.

18          17.     Plaintiff is further informed and believes that defendant Word and other high-

19   ranking members of the OPD repeatedly failed to take remedial or corrective action despite the

20   pervasive and ongoing malfeasance within the OPD.

21          18.     Plaintiff is further informed and believes that as a matter of official policy – rooted

22   in an entrenched posture of deliberate indifference to the constitutional rights of African-American

23   males within the City of Oakland and nearby environs – defendant Oakland has long allowed

24   Plaintiff and others similarly situated to be abused by officers of the OPD, including but not

25

26

1    limited to those defendants named in paragraphs 6 & 9.

2         19.    Plaintiff is further informed and believes that the culture of tolerance which existed

3    and may still exist at the OPD is rooted in the deliberate indifference of high-ranking City officials,

4    including WORD and DOES 1-100, inclusive, and/or other persons within the OPD's hierarchy.

5    Plaintiff is informed and believes that as a result of the above facts, he suffered the violation of his

6    constitutional rights because of the customs, practices, policies, and patterns within the OPD,

7    including but not limited to a deliberate indifference in hiring, training, supervision, and discipline

8    of the OPD and the defendants named in paragraphs 6 & 9.

9         20.    Plaintiff is informed and believes that despite notice of the repeated constitutional

10   violations being perpetrated by employees of the OPD, including The Riders, Defendants in

11   paragraphs 6 & 9, and others, Defendants Word, Does 1–100, and each of them failed to take

12   appropriate action.

13        21.    Plaintiff is informed and believes that as a direct, legal, and proximate result of the

14   acts and omissions alleged above, Plaintiff suffered the loss of his constitutional rights and

15   suffered grievous injuries. These losses and injuries were caused, in part, by the unconstitutional

16   yet official, *de facto* customs, policies, practices, and patterns, which were the moving force

17   behind causing Plaintiff's injuries.  These policies included but were not limited to the so-called

18   "Code of Silence," failure to take remedial actions, tacit ratification or express ratification

19   (condoning) of the unlawful acts, and similar conduct by Word, Sgt. Brock, Does 1-100, and each

20   of them.  Plaintiff is informed and believes unlawful conduct was condoned, encouraged,

21   approved, and/or ratified by Defendants Word, Sgt. Brock, Does 1-100, and each of them.

22        22.    Plaintiff is informed and believes that as a result of the above facts, he suffered the

23   violation of his constitutional rights and was injured.

24

25

26

1

**SPECIFIC FACTS**

2          23.     Plaintiff is informed that on about March 6, 2001, Defendant Gutierrez unlawfully

3    obtained a warrant through false pretenses, false statements, or material omissions.  On about

4    March 16, 2001, Gutierrez and other named defendants, including but not limited to Defendants

5    Romano and Nardil of the CHP, Does 1-100, and each of them, falsely arrested Plaintiff.  In the

6    course of arresting Plaintiff, some of said Defendants assaulted and battered Plaintiff.  In the

7    course of arresting Plaintiff, Defendant Gutierrez made comments which targeted Plaintiff's wife,

8    who like Plaintiff is African-American.  Defendant Gutierrez said such things that were insulting

9    to black people in general and black women in particular.  The unlawful arrest was made in

10   Contra Costa County.

11         24.     Plaintiff was taken away in a police vehicle, after defendants and each of them

12   planted false evidence, used excessive force, and beat Plaintiff.  Plaintiff was arrested and spent

13   one year in jail, not being released until March 16, 2002.

14                              **CAUSES OF ACTION**

15                              42 USC §§1983, 1985-1986

16   (Against Defendants JOHN L. GUTIERREZ, R. WINDGATE, T. BERGERON, J. FARRELL,

17       M. RODRIGUEZ, R. LEE, F. ABEROUETTE, E. RICHOLT, D. UNDERWOOD, and H.

18       KIDD, of the OPD, and Defendants ROMANO and J. NARDIL of the CHP, and DOES 1-100)

19         25.     Plaintiff incorporates by reference all of the preceding paragraphs as though set

20   forth fully herein.

21         26.     Plaintiff is informed that, as to Defendants JOHN L. GUTIERREZ, R.

22   WINDGATE, T. BERGERON, J. FARRELL, M. RODRIGUEZ, R. LEE, F. ABEROUETTE, E.

23   RICHOLT, D. UNDERWOOD, and H. KIDD, of the OPD, and Defendants ROMANO and J.

24   NARDIL of the CHP, and DOES 1-100, and each of them, each was acting pursuant to official,

25

26

FIRST AMENDED COMPLAINT FOR DAMAGES
AND FOR INJUNCTIVE RELIEF
*Brown. v. City of Oakland, et al. (No. C-03-1141-TEH)*                  - 6 -                                         03-0002P025.FAC

1   *de facto* policies and in concert with one another when they injured Plaintiff; each was acting in

2   concert with the co-defendants, with the shared objective to injure the plaintiff and others like

3   him.  The violations included but were not limited to the following:

4         a.     The right to be free from excessive/unnecessary force;

5         b.     Right not to be deprived of liberty without Due Process of law;

6         c.     Right to be free from unreasonable searches and seizures;

7         d.     Right to be free from pre-trial punishment;

8         e.     Right to be free from discrimination based on race/gender; and/or,

9         f.     Right to Equal Protection of the Law.

10       27.    Said rights are substantive guarantees under the Fourth and/or Fourteenth

11   Amendments to the United States Constitution.

12       28.    Specifically with regard to Defendants Romano and Nardil of CHP, it was when

13   Defendant Gutierrez made racially-charged comments betraying his motives that their duties

14   existed.  Defendants Romano and Nardil observed, or had reason to know, that excessive force

15   was being used when the passive plaintiff was placed in a choke hold by members of the OPD,

16   including Gutierrez; further, their duty to intervene was triggered when they realized, or should

17   have realized, that Plaintiff had been falsely arrested when Romano and Nardil executed the

18   warrant unlawfully obtained by Gutierrez.  Plaintiff is also informed and believes that when he

19   was presented to Gutierrez and other members of the OPD, Defendants Romano and Nardil heard

20   another OPD officer refer to an earlier event between Plaintiff and members of the OPD; the

21   reference was a sarcastic remark, again betraying the true motive of the OPD defendants. Romano

22   and Nardil personally participated in the arrest of Plaintiff; even if they initially believed that

23   arrest to be in good faith, they soon came to realize, or should have realized based on the

24   conduct of the OPD defendants, that they had a duty to intervene in order to prevent Plaintiff's

25

26

1    constitutional rights from being violated. Instead, Plaintiff is informed and believe Romano and

2    Nardil participated when they took pictures of the beating administered by members of the OPD.

3        WHEREFORE, Plaintiff prays for relief as set forth below.

4                            **SECOND CAUSE OF ACTION**

5                              42 USC §§ 1983, 1985-1986

6          (Against Defendants Oakland, Word, Sgt. Brock, Does 1-100)

7       30.      Plaintiff incorporates by reference all of the preceding paragraphs as though set

8    forth fully herein.

9       31.      Plaintiff is informed that Defendants Oakland, Word, Sgt. Brock, Does 1-100, and

10    each of them, ratified and condoned the conduct of the other named Defendants and that the

11    supervisory defendants set the official policies, customs, and practices for the OPD that were the

12    moving force behind Plaintiff's constitutional injuries. The conduct by Defendants JOHN L.

13    GUTIERREZ, R. WINDGATE, T. BERGERON, J. FARRELL, M. RODRIGUEZ, R. LEE, F.

14    ABEROUETTE, E. RICHOLT, D. UNDERWOOD, and H. KIDD of the OPD, and Defendants

15    ROMANO and J. NARDIL of the CHP, and DOES 1-100 and each of them, violated Plaintiff's

16    rights under the Bill of Rights to the United States Constitution, including but not limited to the

17    First, Fourth, Fifth, Thirteenth, Fourteenth, and Fifteenth Amendments. Defendants Oakland,

18    Word, Sgt. Brock, Does 1-100, through deliberate indifference, tacitly or expressly authorized,

19    ratified, condoned, approved, the conduct of their co-defendants.

20       32.      Plaintiff is informed and believes that the tortious conduct described herein was

21    known at the time by these defendants to violate of Plaintiff's constitutional rights.

22       33.      The injuries to Plaintiff were the foreseeable and proximate result of said

23    customs, practices, policies, and patterns within the OPD. Plaintiff is informed and believes that

24    the defendants conspired for the purpose of depriving Plaintiff of his rights, and that Plaintiff

25

26

1    suffered constitutional deprivations as a result of this unlawful conspiracy.

2         34.    The aforementioned customs, practices, policies, and patterns within the OPD, of

3    Oakland, Word, Sgt. Brock, Does 1-100, and each of them, and the failures to supervise, train,

4    hire, and/or discipline, resulted in the deprivations of Plaintiff's rights, including but not limited to

5    the following:

6              a.    The right to be free from excessive/unnecessary force;

7              b.    Right not to be deprived of liberty without Due Process of law;

8              c.    Right to be free from unreasonable searches and seizures;

9              d.    Right to be free from pre-trial punishment;

10             e.    Right to be free from discrimination based on race/gender; and/or,

11             f.    Right to Equal Protection of the Law.

12        WHEREFORE, Plaintiff prays for relief as set forth below.

13                                    **PRAYER**

14   a.    Compensatory damages according to proof;

15   b.    General damages according to proof;

16   c.    Punitive and exemplary damages, as to the individually-named defendants, only;

17   d.    For costs of suit and for reasonable attorneys' fees under, *inter alia,* 42 USC

18   section 1988;

19   e.    For pre-judgment and post-judgment interest;

20   f.    For an order requiring Defendants, all persons acting on behalf of Defendants, and

21   each of them, to do the following:

22             1.    To stop all harassing acts aimed at Plaintiff, and others who may be

23                  affiliated with the plaintiff or similarly situated as the plaintiff;

24             2.    To retrain each of the individually-named defendants regarding the proper

25

26

1        use of authority and force;

2            3.      To cease using unnecessary violence in police work; and,

3            4.      To terminate all of the individually-named defendants with a history of

4                    committing similar acts of violence.

5        g.      Such other and further relief as the Court deems just and proper.

6

7    Date:   March 9, 2005          _____/S/_____
                                    Law Office of Russell A. Robinson
8                                   Attorneys for Plaintiff
                                    OLEWASAMI BROWN
9

10

11                      **DEMAND FOR JURY TRIAL**

12       Plaintiff hereby demands a jury trial, as is his right.

13

14   Date:   March 9, 2005          _____/S/_____
                                    Law Office of Russell A. Robinson
15                                  Attorneys for Plaintiff
                                    OLEWASAMI BROWN
16

17

18

19

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT FOR DAMAGES
AND FOR INJUNCTIVE RELIEF
*Brown. v. City of Oakland, et al. (No. C-03-1141-TEH)*        - 10 -                    03-0002P025.FAC