1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11
12   OLEWASAMI BROWN,
13                    Plaintiff,                    NO. C03-1141 TEH
14         v.                                       ORDER RE DISCLOSURE OF
                                                    DOCUMENTS RELATING TO
15   CITY OF OAKLAND, et al.,                       OFFICER AND DEFENDANT
                                                    JOHN L. GUTIERREZ
16                    Defendants.
17
18
19         This matter comes before the Court over a discovery dispute about police personnel
20   files.  At the June 6, 2005 Case Management Conference, the Court ordered that Defendants
21   submit for *in camera* review all Oakland Police Department ("OPD") Internal Affairs
22   Department ("IAD") complaint files pertaining to Officer and Defendant John L. Gutierrez
23   ("Gutierrez").  Defendants delivered the documents to the Court on September 13, 2005.
24   This Court ordered further briefing on November 8, 2005, to develop the appropriate legal
25   standard to be applied in determining which, if any, documents should be disclosed to
26   Plaintiff.  Following the order, the parties each submitted briefs in late November 2005.
27         After careful consideration of both parties' written arguments, and review of the
28   documents, the Court ORDERS the production of certain documents as set forth below.

I.      **BACKGROUND**

On March 17, 2003, Plaintiff Olewasami Brown filed an action under 42 U.S.C. section 1983 alleging that he was subject to unlawful treatment, including excessive force, unlawful search and seizure, and discrimination, by OPD police officers on March 16, 2001. Plaintiff alleges that he was unlawfully stopped by California Highway Patrol ("CHP") officers based on a falsified warrant.  Plaintiff further asserts that the City of Oakland ("City") is liable for the OPD officers' conduct.

The events giving rise to this action are in dispute.  On March 16, 2001, CHP officers stopped Plaintiff in Contra Costa County while he was driving a vehicle.  Plaintiff argues that the stop was based on a deficient warrant because he was never a bona fide suspect in a murder case.  However, the City asserts that the CHP had an independent basis to initiate the auto stop based on Plaintiff's illegal driving.  The City further asserts that the officers had a valid search warrant (which included Plaintiff's vehicle) based on the findings of a narcotics investigation conducted by Gutierrez in 2001.

When the CHP officers observed Plaintiff reaching toward the middle console area, the officers ordered Plaintiff out of his car.  Plaintiff was removed from his vehicle, and the City alleges that CHP officers found a fully loaded semi-automatic 45 caliber weapon in the middle console.  Plaintiff admits that there was a firearm in the vehicle but denies that the weapon was loaded and claims that the officers planted the bullets.  Plaintiff claims that he saw Gutierrez drive his vehicle (it is unclear whether Plaintiff means Plaintiff's vehicle or Gutierrez's vehicle) off the road (apparently with the weapon found in the console) and that subsequent to this, the gun was discovered loaded.

Plaintiff was arrested for violating California Penal Code section 12021, possession of a firearm by a convicted felon.  Plaintiff claims that in the course of arresting him, some of the officers assaulted and battered Plaintiff, including placing him in a choke hold.  Plaintiff further asserts that Gutierrez, in the course of the arrest, made comments that were insulting to Plaintiff's wife (both Plaintiff and his wife are African-American), to African-American people in general, and African-American women in particular.  Plaintiff spent one year in jail

1   and was released on March 16, 2002, after the Alameda County District Attorney dismissed

2   the criminal case against Plaintiff.

3

4   II.   **DISCUSSION**

5        The legal standard applicable to the determination of which, if any, documents should

6   be disclosed to Plaintiff is a balancing of the Plaintiff's interests (i.e., his need for the

7   information) against the privacy rights of the police officers involved and the interests of the

8   City in protecting confidential information.  *Soto v. City of Concord*, 162 F.R.D. 603, 616

9   (N.D. Cal. 1995).  The balancing test should be "*moderately pre-weighted in favor of*

10  *disclosure*" because of the importance of civil rights litigation.  *Kelly v. City of San Jose*, 114

11  F.R.D. 653, 661 (N.D. Cal. 1987); *see also Soto*, 162 F.R.D. at 616 (in balancing the

12  competing interests, the "privacy interests must be balanced against the great weight afforded

13  to federal law in civil rights case against police departments").

14       Courts in the Ninth Circuit that have considered the competing interests of civil rights

15  plaintiffs and police departments have generally ordered disclosure of documents subject to a

16  protective order.  *See, e.g., Gordon v. City & County of S.F.*, 2004 U.S. Dist. LEXIS 20021,

17  *9-10 (N.D. Cal. Apr. 30, 2004) (balancing the competing interests of the civil rights plaintiff

18  and the police department and finding that production of documents subject to a protective

19  order should safeguard the competing interests); *Soto*, 162 F.R.D. at 617 (applying the

20  balancing test and finding that the plaintiff's interest in obtaining the information contained

21  in the police personnel files outweighs any invasion of the defendants' privacy rights,

22  "particularly under the limitations of a carefully crafted protective order"); *Martinez v. City*

23  *of Stockton*, 132 F.R.D. 677, 683 (E.D. Cal. 1990) (balancing the privacy interests of the

24  police officers against the need for discovery and permitting the discovery of personnel

25  records subject to a protective order); *Kelly*, 114 F.R.D. at 661-62 (adopting a balancing test

26  that is moderately pre-weighted in favor of disclosure and finding that the interests of law

27  enforcement are less threatened when disclosure is subject to a protective order).

28

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1   In addition, disclosure should be limited to complaint files that are relevant to the

2   claims that Plaintiff has asserted in the complaint. *See Miller v. Pancucci*, 141 F.R.D. 292,

3   296 (C.D. Cal. 1992) ("If the requested information is not relevant to the case at hand, or

4   reasonably calculated to lead to the discovery of admissible evidence, the inquiry ends.").

5   Information contained in documents subject to disclosure that are unrelated to Plaintiff's

6   claims should be redacted prior to disclosure to Plaintiff. *Cf. Gordon*, 2004 U.S. Dist.

7   LEXIS 20021 at *12 (finding that in addition to a protective order, redaction of information

8   can adequately protect the police department's interests).

9   Plaintiff seeks discovery of personnel records of Gutierrez related to complaints and

10  discipline. Plaintiff seeks these records to determine whether complaints have been lodged

11  against Gutierrez as to excessive force, false warrants/arrests, and bias. After careful review

12  of the documents submitted by the City, the Court finds that most documents have

13  insufficient relevance to Plaintiff's claims. The documents that are sufficiently relevant to

14  Plaintiff's claims have been reviewed and information unrelated to Plaintiff's request for

15  complaints against Gutierrez have been redacted to protect the interests of the police

16  department.

17

18  III.   **CONCLUSION**

19  Based on the above considerations, the Court ORDERS that the following documents

20  should be disclosed to Plaintiff subject to a protective order (as discussed below):

21  Bates Numbers

22  OAK 2851-2852:    Letter to Plaintiff re: incident

23  OAK 2862-2877:    General order re: use of force

24  OAK 2880-2891:    Training bulletin re: use of non-lethal force

25  OAK 2892-2893:    Rules re: professional conduct

26  OAK 2923-2936:    Report of IAD re: incident

27  OAK 2937:         Memo re: incident

28  OAK 2938-2939:    Photo of Plaintiff

4

1    These documents have been redacted by the Court.

2    IT IS FURTHER ORDERED that the parties meet and confer regarding an

3  appropriate protective order.  The parties are to craft a protective order and submit it to the

4  Court within **10 calendar days** of the date of this Order.

5    At such time as the Court receives an appropriate protective order, the Court will

6  release to Plaintiff a copy of the redacted documents that the Court has ordered disclosed.

7  Defendants shall receive a copy of the redacted documents as well.

8    Defendants shall make appropriate arrangements with the Court's deputy clerk for the

9  return of the lodged documents.

10

11  **IT IS SO ORDERED.**

12

13  Dated:   02/28/06

14                                   THELTON E. HENDERSON, JUDGE
                                     UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California