Gregory M. Fox, State Bar No. 070876
Arlene C. Helfrich, State Bar No. 096461
BERTRAND, FOX & ELLIOT
The Waterfront Building - 2749 Hyde Street
San Francisco, California  94109
Telephone:     (415) 353-0999
Facsimile:     (415) 353-0990

John A. Russo, City Attorney – State Bar No. 129729
Randolph W. Hall, Assistant City Attorney – State Bar No. 080142
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone:     (510) 238-3701
Facsimile:     (510) 238-6500

Attorneys for CITY OF OAKLAND, Et al

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEWASAMI BROWN,<br><br>              Plaintiff,<br><br>    vs.<br><br>CITY OF OAKLAND; RICHARD WORD, individually and in his official capacity as Chief of Police in Oakland; OFFICERS JOHN L. GUTIERREZ, et al.,<br><br>              Defendants. | FILE: No.  C-03-1141 TEH<br><br>**STIPULATION AND ~~(PROPOSED)~~ PROTECTIVE ORDER Re: DISCLOSURE OF DOCUMENTS RELATING TO OFFICER AND DEFENDANT JOHN L. GUTIERREZ**<br><br>Honorable Thelton E. Henderson |

WHEREAS, plaintiff has sought discovery of certain Oakland Police Department Internal Affairs Documents pertaining to defendant officer John Gutierrez and defendants have objected to producing these documents based on privacy and relevance; and

WHEREAS, after in camera review of all such documents by the Court, this Court, by Order dated February 28, 2006, directs that the documents Bates Stamped as OAK 2851-2852; OAK 2862-2877; OAK 2880-2893; OAK 2923-2939 be produced subject to an appropriate protective order;

IT IS HEREBY STIPULATED between Plaintiff OLEWASAMI BROWN and his attorney,

1  RUSSELL ROBINSON and Defendants CITY OF OAKLAND and the named OFFICER
2  DEFENDANTS, by and through their attorney GREGORY J. FOX, as follows:

3  1.     A copy of the above Bates Stamp numbered documents, which have been redacted by the
4  Court, will be released to plaintiff subject to the terms of this protective order. These redacted
5  documents are hereinafter referred to as "the confidential documents."

6  2.     Plaintiff may depose Gutierrez regarding the confidential documents.  For such deposition
7  testimony, the witness or his counsel shall invoke the provisions of the stipulation and protective
8  order by stating on the record during the deposition that testimony given at the deposition is
9  designated 'confidential' or by designation of the deposition transcript, or portions thereof, as
10 'confidential' within fourteen (14) days after counsel receives the deposition transcript.  No person
11 shall attend portions of the depositions designated 'confidential' unless such person is an authorized
12 recipient of documents containing such confidential information under the terms of the stipulation
13 and protective order.  Any court reporter who transcribes testimony in this action at a deposition shall
14 agree that all 'confidential' testimony is and shall remain confidential and shall not be disclosed,
15 except as provided in this stipulation and order, and that copies of any transcript, reporter's notes or
16 any other transcription records of any such testimony will be retained in absolute confidentiality and
17 safekeeping by such shorthand reporter or delivered to attorneys of record or filed under seal with the
18 Court.
19

20 3.     If one or more of the confidential documents protected by this stipulation and order is used
21 during the course of a deposition herein, that portion of the deposition record reflecting such
22 confidential information shall be sealed and stamped as 'confidential,' and access thereto shall be
23 limited pursuant to the other terms of the stipulation and order.  If counsel subsequently designates
24 any deposition transcript, or portion thereof, as 'confidential,' pursuant to paragraph 2, counsel shall
25 inform the court reporter so that the court reporter will treat the transcript as confidential pursuant to
26 the terms of this stipulation and order.

27 4.     The confidential documents or copies or extracts therefrom and the information therein, may
28 be given, shown, made available to, or communicated in any way only to parties, including an officer,

director, manager, supervisor, or in-house counsel of a party; counsel for the parties, including certified law students, or an employee or contractor of such counsel to whom it is necessary that the material be shown for purposes of this litigation; other employees of a party for the sole purpose of working directly on the litigation; and third party consultants and independent experts to whom it is necessary that the material be shown for purposes of this litigation.

5.   If an attorney for any party in this litigation desires to give, show, make available or communicate any portion of the confidential documents to any person who is not specifically authorized to have access to such document pursuant to paragraph 4, the requesting attorney will disclose to the attorney for the party who produced the document the name of the person to whom disclosure of the document is sought.  The attorneys will then have ten (10) days to negotiate the terms of disclosure to that person and, if no agreement can be reached, the requesting attorney may seek leave of court on notice to make the disclosure in question.

6.   Each person other than employees or contractors permitted by the parties or their counsel to have access to the confidential documents pursuant to terms of this stipulation and order shall, prior to being afforded such access, be shown the stipulation and protective order and shall sign an agreement in the form attached hereto as Exhibit 'A' stating that he or she has read and understands its terms and shall abide by them.  A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom such documents have been given, which file shall be available for inspection in camera by the Court upon a showing of good cause pursuant to a noticed motion.

7.   The parties agree that the parties will follow Local Rule 79-5 with respect to the use of any documents covered by this stipulation.

8.   The attorneys of record for the parties are in accord with the above terms of this stipulation and protective order as acknowledged hereafter by their signatures, and have requested the Court to enter this stipulation and protective order.

9.   This stipulation and protective order shall be effective from the date of the execution of the order.

10.   Upon termination of this litigation, the originals and all copies of confidential documents shall

director, manager, supervisor, or in-house counsel of a party; counsel for the parties, including certified law students, or an employee or contractor of such counsel to whom it is necessary that the material be shown for purposes of this litigation; other employees of a party for the sole purpose of working directly on the litigation; and third party consultants and independent experts to whom it is necessary that the material be shown for purposes of this litigation.

5.   If an attorney for any party in this litigation desires to give, show, make available or communicate any portion of the confidential documents to any person who is not specifically authorized to have access to such document pursuant to paragraph 4, the requesting attorney will disclose to the attorney for the party who produced the document the name of the person to whom disclosure of the document is sought.  The attorneys will then have ten (10) days to negotiate the terms of disclosure to that person and, if no agreement can be reached, the requesting attorney may seek leave of court on notice to make the disclosure in question.

6.   Each person other than employees or contractors permitted by the parties or their counsel to have access to the confidential documents pursuant to terms of this stipulation and order shall, prior to being afforded such access, be shown the stipulation and protective order and shall sign an agreement in the form attached hereto as Exhibit 'A' stating that he or she has read and understands its terms and shall abide by them.  A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom such documents have been given, which file shall be available for inspection in camera by the Court upon a showing of good cause pursuant to a noticed motion.

7.   The parties agree that the parties will follow Local Rule 79-5 with respect to the use of any documents covered by this stipulation.

8.   The attorneys of record for the parties are in accord with the above terms of this stipulation and protective order as acknowledged hereafter by their signatures, and have requested the Court to enter this stipulation and protective order.

9.   This stipulation and protective order shall be effective from the date of the execution of the order.

10.   Upon termination of this litigation, the originals and all copies of confidential documents shall

1  be turned over to counsel for the party who produced such documents or disposed of in some other
2  manner that is mutually agreeable among the parties.

3  11.  This stipulation and protective order is entirely without prejudice to the right of anyone to
4  apply to the Court for an order modifying this stipulation and protective order in any respect.  The
5  Court retains jurisdiction for six (6) months after the termination of this action to enforce this order
6  and, upon motion of any party hereto, to make amendments, modifications, deletions or additions to
7  this order as the court may deem appropriate.

8  12.  The termination of proceedings in this action shall not thereafter relieve the parties from the
9  obligations of maintaining the confidentiality of all material designated as confidential which is
10 received pursuant to this stipulation and order, provided, however, that this paragraph shall not apply
11 to any material which is or becomes publicly available.

IT IS SO STIPULATED.

Dated: March 9, 2006

/s/
_____
RUSSELL A. ROBINSON
Attorney for Plaintiff Olewasami Brown

Dated: March 9, 2006

/s/
_____
GREGORY M. FOX
Attorney for Defendants City of Oakland et al.

BY STIPULATION OF THE PARTIES, THE PROTECTIVE ORDER IS SO ORDERED.

Dated: 03/15/06

IT IS SO ORDERED
Judge Thelton E. Henderson

_____
E. HENDERSON
STATES DISTRICT JUDGE

ATTORNEY ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

/s/

_____
GREGORY M. FOX