IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OLEWASAMI BROWN

          Plaintiff,

       v.

JOHN L. GUTIERREZ, et al.

          Defendant.

No. C 03 - 1141   TEH

TRIAL RULES AND PROCEDURES

In order to ensure the orderly and efficient presentation of evidence at trial, the parties shall adhere to the following rules and procedures unless specifically ordered otherwise by the Court.

## 1. EXHIBITS

Before the first witness is called to testify, the parties shall identify and provide to the Court a list of all exhibits to which there is no objection regarding their admission into evidence. Such exhibits shall then be formally admitted into evidence at that time. When the Court recesses each day, counsel shall inform opposing counsel of which exhibits, if any, they intend to introduce during the next trial day. If any such exhibits are still objected to, counsel shall immediately notify the Court. The Court will then schedule an early conference, prior to the starting time of the next trial day, to resolve the dispute.

## 2. WITNESSES

(a) Counsel are expected to have sufficient witnesses ready to testify each trial day. In cases where the parties have been allocated a specific amount of trial time, any delays caused by the failure to have sufficient witnesses ready shall be counted toward that party's

1  allocated time.  Counsel are expected to cooperate with each other in the scheduling and
2  production of witnesses.  Witnesses may be taken out of order if <u>necessary</u>.  Every effort
3  should be made to avoid calling a witness twice (as an adverse witness and later as a party's
4  witness).

5    (b)  Only one lawyer for each party may examine any single witness.

6    (c)  If a witness is testifying at the time of a recess or adjournment and has not been
7  excused, the witness shall be seated back on the stand when the court reconvenes.  If a new
8  witness is to be called immediately following recess or adjournment, the witness should be
9  seated in the front row, ready to be sworn in.

10    (d)  Counsel shall refrain from eliciting testimony regarding undisputed facts set forth
11  in the parties' joint pretrial conference statement.  If the case is being tried before a jury, the
12  Court may read to the jury such undisputed facts at appropriate points in the trial.

13    (e)  Counsel are instructed to have their witnesses review, prior to taking the stand, all
14  exhibits the counsel intends to question the witness about during direct examination.

15    (f)  Immediately before each new witness takes the stand, counsel calling the witness
16  shall place on the witness stand a clearly marked copy of each exhibit that counsel expects to
17  have the witness refer to during his or her direct examination.  Immediately before beginning
18  cross-examination, counsel conducting cross-examination shall do the same with any
19  additional exhibits to be referenced on cross.

20    (g)  If counsel intends to have the witness draw diagrams or put markings on visual
21  exhibits or diagrams prepared by the party calling the witness, the witness shall do so <u>before</u>
22  taking the stand.  Once on the stand, the witness shall adopt the diagrams and/or markings
23  and explain what they represent.  If the diagram or visual exhibit is prepared by the opposing
24  party, the witness shall not make any markings on the diagram or visual exhibit without leave
25  of the Court.

26    (h)  The deposition of an adverse party may be used for any purpose.  It is
27  unnecessary to ask the witness if s/he "recalls" it or otherwise lay a foundation.  Counsel
28  need only identify the deposition and page and line numbers and read the relevant portion.

Opposing counsel may then immediately ask to read any additional testimony that is <u>necessary</u> to complete the context.

(i) The deposition of a non-party witness may be used for impeachment or if the witness has been shown to be unavailable.  For impeachment, counsel shall first allow the witness to read to him- or herself the designated portion; then ask simply if the witness gave that testimony; and then read the testimony into the record.  Opposing counsel may immediately ask to read additional testimony that is <u>necessary</u> to complete the context.  If a deposition is introduced because a witness is unavailable, counsel shall offer only relevant portions of the deposition and may not offer the deposition wholesale.

(j) When the Court recesses each day, counsel shall inform opposing counsel of which witnesses they intend to call during the next trial day.

### 3. **OBJECTIONS**

To make an objection, counsel shall rise, say "objection," and briefly state the legal ground (e.g., "hearsay" or "irrelevant").  There shall be no "speaking objections" or argument from either counsel unless requested by the Court.

### 4. **SIDEBARS**

Bench conferences, or the equivalent of "sidebars," will not be permitted absent truly extenuating circumstances.  Disputes regarding exhibits shall be resolved as set forth in paragraph 1 above.  Any other disputes or problems should be addressed either before the trial day commences, at the end of the trial day, or during a recess, if necessary.

**IT IS SO ORDERED.**

DATED:  10/23/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT