IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OLEWASAMI BROWN,

   Plaintiff,

v.

JOHN L. GUTIERREZ, et al.

   Defendants.

NO. C03-1141 TEH

ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS IN LIMINE

After carefully considering the parties' written arguments and finding oral argument to be unnecessary, the Court hereby rules on the parties' motions in limine as follows:

**Plaintiff's Motion To Exclude Irrelevant and/or Undisclosed Opinions By Defendants' Expert Witness, Don Cameron**

FRCP 26(a)(2)(B) requires expert witnesses to provide a written report that contains a complete statement of all opinions the expert will offer on direct examination and the reasons therefor. FRCP 26(a)(2)(B); FRCP 26 Advisory Committee Note to 1993 amendment. If a party's expert witness fails to disclose such information it generally cannot be used as evidence at trial. FRCP 37(c)(1). Defendants' expert should not testify to opinions not expressed in his report.

The Court finds it inappropriate, however, to grant Plaintiff's motion before a concrete dispute arises; to make such an abstract ruling would do no more than restate the requirements of the federal rules. Thus, this motion is DENIED without prejudice. If Defendants attempt to offer opinion testimony that is irrelevant to the issues remaining in the

trial, or which has not been disclosed in Mr. Cameron's expert report, Plaintiff may renew his objection at that time.[1]

**Plaintiff's Motion to Exclude or Limit Evidence of Relating to His Arrest For Domestic Violence**

Plaintiff testified at deposition that the officer who struck him was "the same officer that arrested me for domestic violence because he pulled a gun to my face that day and pulled me out of the window." After the deposition, defendants located a 1989 report showing Plaintiff was arrested for a domestic violence offense. The report showed that Oakland police officer James Beere was present at both the 1989 arrest and during the 2001 alleged punching incident. In his arrest report, Beere states that once he stopped Brown's car, "I exited my patrol vehicle and drew my service pistol. I removed susp Brown from the vehicle ....". (Motion Exh. 1 page 6, Beere's Nov. 7, 1998 Additional Information Report at 3).[2]

Defendants plan to offer the testimony of James Beere and the 1989 arrest report, "redacted to delete references to domestic violence." Plaintiff moves to exclude all evidence relating to his domestic violence arrest on relevance and prejudice grounds, arguing this is "impeachment on a collateral matter."

Defendants' motion is GRANTED IN PART and DENIED IN PART. The identity of the person who threw the alleged punch is not collateral in this action. Evidence about Beere's involvement in the domestic violence arrest could be crucial evidence for the defense – to show identity, or to show Brown's description of his assailant was unreliable. The probative value of Brown's interaction with Beere outweighs any prejudice stemming from

---

[1] Mr. Cameron may not, however, opine that "'de minimis' injury does not amount to the use of unreasonable force" under the Fourth Amendment. In it June 27, 2006 Order denying summary judgment on the claim being tried, the Court rejected that argument and held that "de minimis" injury is relevant to determining whether use of force was reasonable only insofar as it indicates the amount of force that was actually applied. Order Granting In Part and Denying In Part Defendants' Motion for Summary Judgment, June 26, 2006, at 10.

[2] Plaintiff attached the arrest report as an exhibit to his motion. One page appears to be missing – page 2 of 4 of Beere's Nov. 7, 1989 Additional Information Report. Defendants did not supply the missing page; absent specific notice from the defendants, the court assumes the page is not relevant.

1  the fact that Brown was arrested before.  Officer Beere may testify to limited topics about the
2  1998 arrest: 1) the bare fact that he was arresting the plaintiff because he was a suspect in a
3  criminal matter; and 2) his personal interactions with the plaintiff, to the extend that they are
4  relevant to Plaintiff's ability to identify and recognize him at a later date.  Officer Beere will
5  not permitted to testify to irrelevant, prejudicial matters relating to the 1998 arrest, such as
6  the crimes of which Brown was suspected, domestic violence,³ Brown's criminal history, the
7  stop and arrest of other individuals, what he offenses Beere booked Brown for, or anything
8  other than facts relating to his physical interaction with Brown.

9        The arrest report is tentatively excluded in its entirety.  It contains irrelevant,
10 inflammatory information (e.g., Brown "was a suspect in a murder (187 P.C.) case.").  The
11 only relevant facts listed in the report – the identity of the officers present during the arrest
12 and a description of officer Beere's interactions with Brown – can be testified to by Officer
13 Beere.  Portions of the report may be admissible if needed to impeach or corroborate Officer
14 Beere's testimony.

16 **Defendants' Motion to Exclude Evidence re: Gutierrez IA Files/Employment Status**
17       The Oakland Police Department conducted an internal affairs investigation into the
18 "choke" hold incident that was the basis for the excessive force claim this Court dismissed in
19 its June 27, 2006 Order Granting In Part and Denying In Part Defendants' Motion for
20 Summary Judgment.  Plaintiff plans to call the officer who performed the investigation of
21 that incident, Oakland Police Sergeant Johnson. He also seeks to introduce a portion of the
22 IA investigation report, including the photograph of the "choke" hold showing Gutierrez's
23 hand on Brown's chin/neck.  He argues that these will "rebut" Gutierrez's testimony about
24 the alleged punch in the Oakland federal building.  Defendant moves to exclude evidence
25 about the investigation and any reference to Gutierrez's employment status.

---

27     ³ Defendants already agreed to redact the police report of any mention of domestic
28 violence.

Plaintiff's purpose in introducing this evidence is not clear. On the one hand, Plaintiff argues that

> [w]hile the claim arising from that "use of force" has been dismissed, that event took place on the same date and involved the same parties as the attack at the Oakland Federal Building at issue in this case. In fact, the circumstances are remarkably the same; *e.g.*, the defendants claim Brown was yelling and being abusive and had to be physically subdued or confronted to some extent in the federal building.

This appears to be an argument relating to the "choke" hold itself, not Gutierrez's statements during investigation of the incident. Plaintiff may be suggesting that the "choke" hold is relevant because if Gutierrez was willing to use force to subdue Brown in one situation, he was likely to do so again later in the day. The investigation evidence is not admissible for that purpose. Under Fed. R. Evidence 404(b), evidence of other crimes, wrongs, or acts "is not admissible to prove the character of a person in order to show acts in conformity therewith." Fed.R.Evid. 404(b); see also Segura v. City of Reno, 116 F.R.D. 42, 44 (D.Nev. 1987)("The liability of the individual police officer arises out of this particular incident. Evidence of other similar incidents could only show a propensity for excessive use of force. This is the sort of "conduct in conformity with character" evidence which § 404(b) prohibits.").[4]

In addition, evidence of the "choke" hold incident is inadmissible under Fed. R. Evid. 403, because its negligible probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed.R.Evid. 403.

On the other hand, Plaintiff also seems to argue he will use the evidence to show Gutierrez lied in the past and is therefore not credible; he refers to the documents and testimony at issue as evidence of "prior false statements by Gutierrez" and, in the Pretrial Conference Statement, "Gutierrez's mis-statements related to a similar event on the same date." Plaintiff may attack Gutierrez's credibility, but specific instances of conduct "for the purpose of attacking or supporting the witness' character for truthfulness ... may not be

---

[4] Plaintiff states the evidence can be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident," see Rule 404(b), but does not state how or why.

4

proved by extrinsic evidence." Fed. R. Evid. 608(b). Here, plaintiff is impermissibly seeking to show Gutierrez's past conduct – whether viewed as the use of force or conflicting statements to the investigator –through extrinsic evidence, in violation of 608(b)..

Moreover, although there are statements in the report which suggest or imply the investigator believed Gutierrez was exaggerating or lying, ("Gutierrez' testimony is inconsistent with the photograph ....Gutierrez is the only officer who speaks of an attempted 'headbutting'"), there was no finding in the report that Gutierrez lied or made false statements during the investigation. The report simply compares Gutierrez's statements with other evidence. This Court will not allow Plaintiff to conduct a hearsay mini-trial of the "choke" hold incident under the guise of testing Gutierrez's credibility.

The federal rules do allow opinion testimony about a witness's "character for truthfulness or untruthfulness," however. Fed. R. Evid. 608(a). Plaintiff may offer Sgt. Johnson for such a purpose, if he chooses, provided he is able to lay an appropriate foundation for the testimony.

Defendants' motion to exclude evidence relating to the internal affairs investigation is therefore GRANTED in part and DENIED in part. All references to the events of the "choke" hold incident, other than the fact that Plaintiff was arrested in an automobile stop before being taken to the Oakland federal building, are excluded. The investigator's report itself is excluded. The investigator, Sergeant Johnson, may testify not testify about specific instances of misconduct by Gutierrez. He may, if the plaintiff chooses to offer him for that purposes, give opinion testimony about Gutierrez's reputation or character for truthfulness. In connection with that testimony (and the foundation therefore), he will be permitted to state the bases for his familiarity with Gutierrez's character, and may reveal that he performed an internal affairs investigation (or more than one if that is the case) of Gutierrez. Testimony about the allegations involved in any investigation are excluded, as set out above.

Plaintiff did not specifically oppose defendants' motion to exclude evidence of Gutierrez's employment history relating to his dismissal and reinstatement. That evidence is excluded.

5

**Defendants' Motion to Exclude Evidence re: Dismissal of Criminal Charges Against Plaintiff**

The Defendants' motion is GRANTED. What occurred after the March 16, 2001 is irrelevant to the excessive force claim being tried. The Court will instruct the jury to draw no inferences from the fact of the arrest.

Dated: October 27, 2006

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT